[Cite as *State v. Taylor*, 2019-Ohio-3367.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO, :

    Plaintiff-Appellee, :

                                        No. 107881

    v. :

MICHAEL TAYLOR, :

    Defendant-Appellant. :

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 22, 2019

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-17-623637-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Debora Brewer, Assistant Prosecuting Attorney, *for appellee.*

Law Office of Anna Markovich, and Anna Markovich, *for appellant.*

EILEEN T. GALLAGHER, P.J.:

{¶ 1} Defendant-appellant, Michael Taylor, appeals from his sentence following a guilty plea. He raises the following assignment of error for review:

> The maximum sentences for defendant's convictions are not supported by the record and contrary to law because in sentencing defendant the

trial court failed to consider the purposes and principles of felony sentencing factors set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12.

{¶ 2} After careful review of the record and relevant case law, we affirm.

## I. Procedural and Factual History

{¶ 3} In December 2017, Taylor was named in a three-count indictment, charging him with endangering children in violation of R.C. 2919.22(B)(1); felonious assault in violation of R.C. 2903.11(A)(3); and endangering children in violation of R.C. 2919.22(A). Each count contained a repeat violent offender specification. The indictment stemmed from allegations that Taylor shook a 13-month-old child while babysitting the child.

{¶ 4} In June 2018, Taylor pleaded guilty to felonious assault in violation of R.C. 2903.11(A)(3), and endangering children in violation of R.C. 2919.22(A). In exchange for his plea, the state dismissed a single count of endangering children and the repeat violent offender specifications on all counts. The trial court accepted Taylor's guilty plea and referred him to the county probation department for a presentence investigation report.

{¶ 5} A sentencing hearing was held in July 2018. The state sought imposition of the maximum prison sentencing based on the seriousness of Taylor's conduct and the substantial injuries suffered by the victim. The state expressed that, as a result of Taylor's conduct, the child is now blind, requires a feeding tube, cannot walk, and is nonverbal. The trial court also heard from the victim's mother, who

described the extent of the victim's permanent injuries and the daily care that he now requires. Mother stated, in relevant part:

> He is not even two and he can't walk and he can't eat and he can't see. He literally goes to bed and just stays there. He's like a newborn, he has no head control. He can't go for a long car ride, he can't go to the store. He literally can't do anything. When before he did everything, you know, he walked upstairs and he talked and wanted to eat, and now he's just not who he was when he was born, or when he was one. And he's never going to be again. The doctors basically say we're lucky to have him how he is right now and this is pretty much the most we're ever going to get out of him.

{¶ 6} The trial court then heard from Taylor. Taylor accepted responsibility for his actions, expressed remorse, and referenced his problems with drugs and alcohol. The trial court then sentenced Taylor to eight years in prison on the felonious assault offense, to be served concurrently with a 36-month prison term on the endangering children offense. In formulating Taylor's sentence, the trial court stated, in relevant part:

> Before imposing sentence, this court will note that it has considered the record, the oral statements made here today, the presentence-investigation report, as well as the statement of the victim's mother.
>
> The court has also considered the purposes and principles of sentencing under Revised Code Section 2929.11, and the seriousness and recidivism factors relevant to the offense and the offender pursuant to R.C. 2929.12, and the need for deterrence, incapacitation, rehabilitation, and restitution. I find that a prison term is consistent with the purposes and principles of sentencing.

{¶ 7} Taylor now appeals from his sentence.

## II. Law and Analysis

{¶ 8} In his sole assignment of error, Taylor argues his sentence is contrary to law because the sentence is not supported by the record, and the trial court failed

to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the mitigating factors outlined in R.C. 2929.12.

{¶ 9} When reviewing felony sentences, we apply the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231. R.C. 2953.08(G)(2) provides that an appellate court may increase, reduce, modify, or vacate and remand a challenged felony sentence if the court clearly and convincingly finds either that the record does not support certain specified findings or the sentence is otherwise "contrary to law."

{¶ 10} An "'appellate court's standard for review is not whether the sentencing court abused its discretion.' As a practical consideration, this means that appellate courts are prohibited from substituting their judgment for that of the trial judge." *State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453, ¶ 20 (8th Dist.), quoting R.C. 2953.08(G)(2). Thus, appellate review of felony sentences under R.C. 2953.08(G)(2) is an "extremely deferential" standard of review. *Id.* at ¶ 21.

{¶ 11} A sentence is contrary to law if it falls outside the statutory range for the particular degree of offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12. *State v. Pawlak*, 8th Dist. Cuyahoga No. 103444, 2016-Ohio-5926, ¶ 58. R.C. 2929.11 and 2929.12 are not fact-finding statutes. Therefore, although the trial court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors listed in R.C. 2929.12, the court is not required to make findings or give reasons for imposing more than

the minimum sentence.  *State v. Pavlina*, 8th Dist. Cuyahoga No. 99207, 2013-Ohio-3620, ¶ 15, citing *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.  A trial court's general statement that it considered the required statutory factors, without more, is sufficient to fulfill its obligations under the sentencing statutes.  *Id.*, citing *State v. Wright*, 8th Dist. Cuyahoga No. 95096, 2011-Ohio-733, ¶ 4.  And because courts have full discretion to impose sentences within the statutory range, a sentence imposed within the statutory range is "presumptively valid" if the court considered the applicable sentencing factors.  *Id.*, citing *State v. Collier*, 8th Dist. Cuyahoga No. 95572, 2011-Ohio-2791, ¶ 15.

{¶ 12} Pursuant to R.C. 2929.11(A), the two overriding purposes of felony sentencing are "to protect the public from future crime by the offender and others," and "to punish the offender using the minimum sanctions that the court determines accomplish those purposes * * *."[1]  Additionally, the sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."  R.C. 2929.11(B).

---

[1] There are now three overriding purposes set forth in R.C. 2929.11(A).  *See* S.B. 66, Section 1, effective October 29, 2018.  The third overriding principle is "to promote the effective rehabilitation of the offender."  Taylor was sentenced prior to the amendment's effective date.  Moving forward, the trial court will be required to carefully consider and give equal weight to the new sentencing purpose of promoting "effective rehabilitation."  It is evident that S.B. 66 was formulated in an effort to reduce mass incarceration by rehabilitating individuals, expanding prison alternative programs, and reducing aggregate prison terms.  The amendment to R.C. 2929.11 is not inconsequential, and sentences should start reflecting the legislature's comprehensive goals.

{¶ 13} Furthermore, in imposing a felony sentence, "the court shall consider the factors set forth in [R.C. 2929.12(B) and (C)] relating to the seriousness of the conduct [and] the factors provided in [R.C. 2929.12(D) and (E)] relating to the likelihood of the offender's recidivism * * *." R.C. 2929.12.

{¶ 14} When a sentence is imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12, "[a]n appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, at ¶ 23.

> Clear and convincing evidence is that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.

*Cross v. Ledford,* 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶ 15} In this case, there is no dispute that the trial court imposed a prison term within the applicable statutory range and expressly stated that it considered R.C. 2929.11 and 2929.12 when formulating Taylor's sentence. Nevertheless, Taylor contends that the imposition of the maximum prison term for each offense is not supported by the record. Taylor submits that "the trial court failed to adhere to the overall purposes and principles goals of sentencing expressed in R.C. 2929.11 and failed to balance the recidivism and serious factors."

{¶ 16} On appeal, Taylor focuses on the factors enumerated in R.C. 2929.12(D)(4) (acknowledgment of his drug abuse) and (E)(5) (his genuine expression of remorse), respectively. He suggests that his convictions for felonious assault and child endangerment were "not indicative of his typical behavior," but resulted from his use of illegal substances to "self-medicate." Viewing his argument in its entirety, it is evident that Taylor finds the prison terms imposed in this case to be excessive. However, as this court has previously explained:

> "'The weight to be given to any one sentencing factor is purely discretionary and rests with the trial court.'" *State v. Price*, 8th Dist. Cuyahoga No. 104341, 2017-Ohio-533, ¶ 20, quoting *State v. Ongert*, 8th Dist. Cuyahoga No. 103208, 2016-Ohio-1543, ¶ 10, citing *State v. Torres*, 8th Dist. Cuyahoga No. 101769, 2015-Ohio-2038, ¶ 11. A lawful sentence "'cannot be deemed contrary to law because a defendant disagrees with the trial court's discretion to individually weigh the sentencing factors. As long as the trial court considered all sentencing factors, the sentence is not contrary to law and the appellate inquiry ends.'" *Price* at *id.*, quoting *Ongert* at ¶ 12.

*State v. Bailey*, 8th Dist. Cuyahoga No. 107216, 2019-Ohio-1242, ¶ 15.

{¶ 17} In an effort to challenge the adequacy of the trial court's statutory considerations, Taylor is merely asking this court to substitute our judgment for that of the trial court, which, as stated, appellate courts are not permitted to do. *State v. McCoy*, 8th Dist. Cuyahoga No. 107029, 2019-Ohio-868, ¶ 19 ("We cannot substitute our judgment for that of the sentencing judge."). Moreover, by asking this court to view the seriousness and scope of his conduct in light of the relevant mitigating factors, Taylor is encouraging this court to independently weigh the sentencing factors, which appellate courts are also not permitted to do. *Ongert* at

¶ 14; *Price* at ¶ 20; *Bailey* at ¶ 15; *State v. Rahab*, 150 Ohio St.3d 152, 2017-Ohio-1401, 80 N.E.3d 431, ¶ 10; and *State v. Anderson*, 8th Dist. Cuyahoga No. 103490, 2016-Ohio-3323, ¶ 9.

{¶ 18} While Taylor references certain sentencing factors that weigh in his favor, he ignores the relevant factors that apply and were relied on by the trial court in crafting Taylor's sentence. Here, the record reflects that the trial court carefully considered the relevant seriousness factors, including the age of the victim, Taylor's position of control over the victim, the nature of Taylor's conduct, and the significant and lasting injuries sustained by the victim. Regarding these factors, Taylor's presentence investigation report reflects that Taylor inflicted "blunt force trauma" to a then 13-month child who was under his supervision and care. The child "suffered serious physical harm, including a fractured skull, retinal hemorrhaging, and bleeding on his brain." In addition, the trial court considered all relevant recidivism factors, including Taylor's criminal history, his pattern of drug or alcohol abuse, and information that Taylor was on probation at the time the offense occurred in this case. Regarding those factors, Taylor's presentence investigation report assessed him as posing a "high" risk of recidivism.

{¶ 19} Under the totality of these circumstances, we are unable to conclude, by clear and convincing evidence, that the trial court's considerations under R.C. 2929.11 and 2929.12 are not supported by the record. In this case, there is no objective information in the record to suggest the trial court (1) failed to consider

R.C. 2929.11 and 2929.12 in formulating the sentence, or (2) relied on demonstrably false or inaccurate information when making these considerations.

{¶ 20} Accordingly, Taylor's sole assignment of error is overruled.

{¶ 21} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, PRESIDING JUDGE

MICHELLE J. SHEEHAN, J., CONCURS;
MARY J. BOYLE, J., CONCURS IN JUDGMENT ONLY