[Cite as *State v. Irwin*, 2019-Ohio-4462.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

STATE OF OHIO,                              :

    Plaintiff-Appellee,                :

                                No. 108099

    v.                                 :

JEFFREY IRWIN,                             :

    Defendant-Appellant.               :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** October 31, 2019

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-18-628638-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Fallon Radigan, Assistant Prosecuting Attorney, *for appellee.*

Mark A. Stanton, Cuyahoga County Public Defender, and Noelle A. Powell, Assistant Public Defender, *for appellant.*

EILEEN A. GALLAGHER, J.:

{¶ 1} Defendant-appellant Jeffrey Irwin appeals his 25-year sentence after he pleaded guilty to committing multiple sexual crimes against his daughter when she was between 9 and 13 years old. We affirm.

{¶ 2} Irwin was originally charged in an 11-count indictment that consisted of four counts of rape, four counts of kidnapping, two counts of gross sexual imposition and one count of endangering children. Irwin pleaded guilty to two amended counts of rape, two counts of gross sexual imposition and the count of endangering children. The trial court imposed an aggregate 25-year sentence. This appeal follows.

{¶ 3} Irwin challenges his sentence in two interrelated assignments of error:

> 1. The trial court imposed a sentence contrary to law on Mr. Irwin, a first time offender, when it applied incorrect assumptions about recidivism and failed to apply the factors weighing heavily against recidivism.
>
> 2. Jeffrey Irwin was denied his right to due process as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and by Article I, Sections 10 and 16 of the Ohio Constitution when the judge imposed his sentence based on improper considerations.

We address these assignments of error together.

**Relevant Factual and Procedural Background**

{¶ 4} Before Irwin pleaded guilty, the court informed him of the degrees of the offenses to which he would be pleading guilty as well as the possible penalties for each. The rape counts, both felonies of the first degree, would each subject Irwin to a prison term between 3 and 11 years. Irwin's gross sexual imposition counts were "high-tier" felonies of the third degree, each exposing him to a prison sentence between 12 and 60 months. The endangering children count, a felony of the second degree, would further subject Irwin to a prison term between two and eight years.

The court explained that it could impose consecutive sentences. Irwin confirmed that he understood the potential penalties and that he had no questions.

{¶ 5} The court sentenced Irwin to ten years for each count of rape, five years for each count of gross sexual imposition and six years for the count of endangering children. It ordered consecutive sentences for the counts of rape as well as one count of gross sexual imposition. For the remaining count of gross sexual imposition as well as the child endangering count, the court ordered those sentences to run concurrent.

**Law and Analysis**

{¶ 6} A trial court must do two things before it imposes a felony sentence: (1) it must ensure that the sentence falls within the statutory range prescribed by the degree of the felony and (2) it must consider the purposes of felony sentences as contained in R.C. 2929.11 as well as the applicable seriousness and recidivism factors outlined in R.C. 2929.12. *State v. Lariche*, 8th Dist. Cuyahoga No. 106106, 2018-Ohio-3581, ¶ 14-16.

{¶ 7} An appellate court reviews a felony sentence pursuant to R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1, 21-23. Where a trial court imposes a sentence "solely after consideration of the factors in R.C. 2929.11 and 2929.12," an appellate court may disturb a sentence "that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *State v. Ware*, 8th Dist. Cuyahoga No. 106176, 2018-Ohio-2294, ¶ 8,

quoting *Marcum* at ¶ 23. Because appellate courts do not review a felony sentence for abuse of discretion, we are prohibited from substituting our judgment for that of the trial court. *State v. Taylor*, 8th Dist. Cuyahoga No. 107881, 2019-Ohio-3367, ¶ 10.

{¶ 8} Although a trial court must comply with R.C. 2929.11 and 2929.12 when it imposes sentence on a particular felony, it is under no obligation to use particular language or to make specific finding on the record to demonstrate this compliance. *State v. Gaines*, 8th Dist. Cuyahoga No. 103476, 2016-Ohio-4863, ¶ 11. Even where a trial court does not reference its consideration of R.C. 2929.11 and 2929.12 at the sentencing hearing or in its sentencing journal entry, this court has held that such compliance can be presumed unless the defendant shows otherwise. *See, e.g., State v. Jones*, 8th Dist. Cuyahoga No. 99759, 2014-Ohio-29, ¶ 13.

{¶ 9} As stated, each of Irwin's felony sentences fall within the applicable sentencing ranges. Moreover, the trial court confirmed in its sentencing journal entry that it "considered all required factors of the law" and found that "prison is consistent with the purpose of R.C. 2929.11." The court thus complied with its statutory obligations when sentencing Irwin.

{¶ 10} Irwin nevertheless argues that the trial court erred because his "lengthy 25-year sentence is not supported by the record and is, in fact, contrary to law as it does not meet the purposes of felony sentencing." We do not construe

Irwin's claims as challenging consecutive sentences.[1]  Irwin does not challenge the sentence for any particular count but, instead, challenges his aggregate sentence, on the basis that the court failed to comply with R.C. 2929.11 and 2929.12.

{¶ 11} As discussed, R.C. 2929.11 and 2929.12 relate to the particular sentence that a court imposes relative to an individual count.  *See State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 8 ("Ohio's felony-sentencing scheme is clearly designed to focus the judge's attention on one offense at a time.").  These statutes do not otherwise provide a basis to challenge an aggregate sentence.  *See State v. Choate*, 9th Dist. Summit No. 27612, 2015-Ohio-4972, ¶ 27 ("R.C. 2929.11 clearly is aimed at the sentence for each individual offense, not the sentences in the aggregate * * *."); *see State v. Kirkman*, 8th Dist. Cuyahoga No. 103683, 2016-Ohio-5326, ¶ 9 ("R.C. 2929.12 guides a sentencing judge's discretion only on individual counts * * *").  Accordingly, Irwin's challenge to his aggregate sentence on the basis of the court's R.C. 2929.11 and 2929.12 compliance necessarily fails.

{¶ 12} Even if we were to interpret Irwin's claims on appeal as challenging a particular felony sentence rather than his entire 25-year sentence, his arguments would still fail.

---

[1] We note that a consecutive sentence challenge in this case would fail.  Review of the record indicates the court imposed consecutive sentences in compliance with R.C. 2929.14(C)(4) by making the requisite findings at the sentencing hearing and by reflecting that it did so in its journal.  *See State v. Tidmore*, 8th Dist. Cuyahoga No. 107369, 2019-Ohio-1529, ¶ 17-18.

{¶ 13} Irwin claims the trial court determined his sentence based "upon its erroneous belief that [he] was more likely to commit future sexual offenses" based on evidence that "[he] was himself a victim of childhood sexual abuse," and because his crimes were crimes of incest. Irwin offers that the trial court should have instead concluded that his status as a victim of sexual abuse himself, "alone[,] does not make him more likely to offend," and further, that the incestuous nature of his crimes "make him less likely to reoffend than any other sexual offender." We find no support in the record for Irwin's claim that the trial court impermissibly used his status as a victim of sexual abuse against him.[2]

{¶ 14} Additionally, Irwin claims that the record does not support his sentence to the extent that: (1) he had no criminal history, (2) he was "extremely emotional and crying the majority of the interview" for his presentence investigation report, (3) his drug and alcohol addiction played a role the crimes and (4) he was "candid and remorseful." Assuming that the above is true, we find no basis to conclude that the trial court did not consider it.

{¶ 15} By asserting that the trial court "rested its sentencing decision upon" on inappropriate conclusions, Irwin's claims amount to an argument that the trial court incorrectly considered R.C. 2929.11 and 2929.12 and that this court should, therefore, evaluate them differently. In essence, Irwin asks us to do something we

---

[2] To the contrary, the court recognized that there was "no information to suggest" that Irwin would reoffend on the basis that he was himself abused. The court did recognize that the presentence investigation report found Irwin to be at a "high risk" of reoffending.

are not empowered to do, namely substitute our judgment for the trial court and re-weigh the sentencing factors. *See State v. Franklin*, 8th Dist. Cuyahoga No. 107482, 2019-Ohio-3760, ¶ 36 (an appellate court may not substitute its judgment for the trial court); *see Taylor*, 2019-Ohio-3367, at ¶ 17 (an appellate court may not independently weigh the sentencing factors).

{¶ 16} Accordingly, we are unable to conclude by clear and convincing evidence that the trial court's R.C. 2929.11 and 2929.12 considerations are not supported by the record or that Irwin's sentences are contrary to law. We overrule the assignments of error.

{¶ 17} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry out this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

MARY EILEEN KILBANE, A.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR