[Cite as *State v. Miller*, 2022-Ohio-4385.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                                    :

    Plaintiff-Appellee,                     :

                                  No. 111320

    v.                                              :

ANTIONE MILLER,                                   :

    Defendant-Appellant.                    :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 8, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-19-643782-A and CR-21-658365-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Alaina Hagans, Assistant Prosecuting Attorney, *for appellee*.

Mary Catherine Corrigan, *for appellant*.

EILEEN T. GALLAGHER, J.:

{¶ 1} Defendant-appellant, Antione Miller ("Miller"), appeals from his sentence. He raises the following assignments of error for review:

    1. The trial court's sentence was contrary to law.

2. The trial court erred by imposing an unconstitutional sentence pursuant to the Reagan Tokes Act.

{¶ 2} After careful review of the record and relevant case law, we affirm Miller's sentence.

## I. Procedural and Factual History

{¶ 3} On September 18, 2019, Miller was named in a ten-count indictment in Cuyahoga C.P. No. CR-19-643782-A. The indictment charged him with drug trafficking in violation of R.C. 2925.03(A)(2), with forfeiture and major drug offender specifications (Count 1); drug possession in violation of R.C. 2925.11(A), with forfeiture and major drug offender specifications (Count 2); drug trafficking in violation of R.C. 2925.03(A)(2), with forfeiture specifications (Count 3); drug possession in violation of R.C. 2925.11(A), with forfeiture specifications (Count 4); drug trafficking in violation of R.C. 2925.03(A)(2), with forfeiture specifications (Count 5); drug possession in violation of R.C. 2925.11(A), with forfeiture specifications (Count 6); possession of criminal tools in violation R.C. 2923.24(A), with forfeiture specifications (Count 7); obstructing official business in violation of R.C. 2921.31(A) (Count 8); resisting arrest in violation of R.C. 2921.33(B) (Count 9); and criminal damaging or endangering in violation of R.C. 2909.06(A)(1) (Count 10).

{¶ 4} On June 10, 2021, Miller was named in a six-count indictment in Cuyahoga C.P. No. CR-21-658365-A. The indictment charged him with drug trafficking in violation of R.C. 2925.03(A)(2), with forfeiture specifications (Count

1); drug possession in violation of R.C. 2925.11(A), with forfeiture specifications (Count 2); drug possession in violation of R.C. 2925.11(A), with forfeiture specifications (Count 3); possession of criminal tools in violation of R.C. 2923.24(A), with forfeiture specifications (Count 4); illegal conveyance into detention facility in violation of R.C. 2921.36(A)(2) (Count 5); and obstructing official business in violation of R.C. 2921.31(A)(2) (Count 6).

{¶ 5} At a consolidated plea hearing held on December 22, 2021, Miller retracted his former pleas of not guilty and entered pleas of guilty pursuant to a negotiated plea agreement with the state. In Case No. CR-19-643782-A, Miller pleaded guilty to drug trafficking, a felony of the third degree, with forfeiture specifications (amended Count 1); drug trafficking, a felony of the fourth degree, with forfeiture specifications (amended Count 3), and resisting arrest, a misdemeanor of the first degree (Count 9). In exchange for his guilty pleas, the state amended Counts 1 and 3 of the indictment by reducing the degree of each felony offense and deleting the major-drug-offender specification previously attached to Count 1. The state further agreed to nolle Counts 2, 4, 5, 6, 7, 8, and 10 of the indictment. Finally, the parties agreed to a jointly recommended sentence of three years in prison "with no judicial release or any early release of any kind." (Tr. 22.)

{¶ 6} In Case No. CR-21-658365-A, Miller pleaded guilty to attempted drug trafficking, a felony of the second degree, with forfeiture specifications (amended Count 1); and obstructing official business, a felony of the fifth degree (Count 6). In exchange for Miller's guilty pleas, the state agreed to amend Count 1 of the

indictment by modifying the offense of drug trafficking to attempted drug trafficking. The state further agreed to nolle Counts 2, 3, 4, and 5 of the indictment. Finally, the state clarified that, unlike the agreement reached in Case No. CR-19-643782-A, there was no agreement "to any particular sentence [in Case No. CR-21-658365-A]." (Tr. 27.)

{¶ 7} A consolidated sentencing hearing was held on February 7, 2022. At the onset of the hearing, the state summarized the facts supporting Miller's convictions in Case No. CR-19-643782-A as follows:

> Your Honor. As you said we're here for sentencing in case number 643782. That was a case from September of 2019. The police pulled over the defendant's car for window tint. They smelled a strong odor of marijuana coming from driver's side of the vehicle. The defendant refused to leave the car or turn the vehicle off until the officer actually reached into the car and removed the keys himself.
>
> The defendant then got out of the vehicle and attempted to flee on foot. He was grabbed by officers and forced to the ground but still continued to try to break free.
>
> He was eventually arrested. He had over $8,000 in his waistband and various drugs in two backpacks that was in the car as well as cocaine in the glove box. So he had cocaine in this case, carfentanil, amphetamine capsules, caffeine pills, marijuana and numerous packaging materials as well as three scales.

(Tr. 64-65.)

{¶ 8} With respect to Case No. CR-21-658365-A, the state described Miller's conduct as follows:

> The defendant was in the vehicle that ran the red light, and he also didn't have headlights on at 12:45 a.m., so the police conducted a traffic stop.

He didn't have a license on him. Again he tried to flee on foot. Police tried to grab him and two medium sized clear bags of suspected crack cocaine fell from the defendant's person. He was then searched incident to arrest. He had $1620 in his right front pocket along with two cell phones. The search revealed cocaine, hydrochloride and methamphetamine.

When he was being booked in the county jail, he had two ecstasy tablets in his wallet.

(Tr. 65-66.) Based on the serious nature of the drugs underlying Miller's convictions in each case, the state sought an aggregate sentence "somewhere in the range of five to seven years." (Tr. 66.)

{¶ 9} The trial court then heard from defense counsel, who argued that a total prison term of three years was appropriate based on various mitigating circumstances, including Miller's history of drug and alcohol abuse, his history of depression, his minimal criminal record, his history of employment, and the implications of a prior traumatic brain injury. Finally, the trial court heard from Miller. In pertinent part, Miller acknowledged his "bad decisions" and expressed remorse.

{¶ 10} Upon hearing from the parties, the trial court stated that it formulated Miller's sentences following a careful review of the case file, the presentence investigation report, and the mitigation of penalty report filed by the court's psychiatric clinic. (Tr. 75.) In Case No. CR-19-643782-A, the trial court imposed a jointly recommended sentence of 36 months in prison on amended Count 1. The trial court further sentenced Miller to 17 months in prison on amended Count 3, and

3 months in jail on Count 9. The sentences were ordered to run concurrently, for an aggregate prison term of 36 months.

{¶ 11} In Case No. CR-21-658365-A, the trial court imposed an indefinite prison term of five to seven and one-half years on amended Count 1 in accordance with the Regan Tokes Law (enacted through S.B. 201). The trial court further sentenced Miller to 11 months in prison on Count 6, to run concurrently to the sentence imposed on amended Count 1. The sentences imposed in Case Nos. CR-19-643782-A and CR-21-658365-A were ordered to run concurrently.

{¶ 12} Miller now appeals from his sentences.

## II. Law and Analysis

### A. Purposes and Principles of Felony Sentencing

{¶ 13} In the first assignment of error, Miller argues the trial court committed reversible error by imposing a prison sentence that is contrary to law. Miller contends his aggregate prison term in Case No. CR-21-658365-A is contrary to law because the trial court failed to adequately consider the purposes and principles of felony sentencing pursuant to R.C. 2929.11 and 2929.12.[1] Miller therefore asserts that "the trial court made an unconscionable and arbitrary determination that [his] behavior warranted a five to seven and one-half year sentence."

---

[1] Miller does not challenge the agreed upon sentence imposed in Case No. CR-19-643782-A. *See* R.C. 2953.08(D)(1) ("A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge.").

{¶ 14} R.C. 2953.08 "specifically and comprehensively defines the parameters and standards — including the standard of review — for felony-sentencing appeals." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 21. Under R.C. 2953.08(G)(2), an appellate court "may increase, reduce, or otherwise modify a sentence * * * or may vacate the sentence and remand the matter * * * for resentencing" if it "clearly and convincingly finds either of the following":

> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

> (b) That the sentence is otherwise contrary to law.

{¶ 15} "A sentence is contrary to law if it falls outside the statutory range for the offense or if the sentencing court fails to consider the purposes and principles of sentencing set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12." *State v. Angel*, 8th Dist. Cuyahoga No. 110456, 2022-Ohio-72, ¶ 8, citing *State v. Pawlak*, 8th Dist. Cuyahoga No. 103444, 2016-Ohio-5926, ¶ 58.

{¶ 16} R.C. 2929.11 addresses the overriding purposes of felony sentencing, while R.C. 2929.12 addresses factors that are to be taken into account when imposing a sentence. *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 18-19. Under R.C. 2929.11(A), the overriding purposes of felony sentencing are to (1) "protect the public from future crime by the offender and others," (2) "punish the offender," and (3) "promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish

those purposes without imposing an unnecessary burden on state or local government resources." Additionally, the imposed sentence must be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).

{¶ 17} R.C. 2929.12 provides the sentencing court with the discretion to determine the best way to comply with the purposes and principles of sentencing set forth in R.C. 2929.11 when imposing a sentence. *State v. Bridges*, 8th Dist. Cuyahoga No. 107281, 2019-Ohio-1769, ¶ 10. R.C. 2929.12 sets forth a nonexhaustive list of factors a trial court must consider in determining the seriousness of the offender's conduct and the likelihood of recidivism, including the offender's history of criminal convictions, whether the offender has responded favorably to sanctions previously imposed for criminal convictions, whether the offender has demonstrated remorse, and any other factors relevant to achieving the purposes and principles of sentencing. R.C. 2929.12(A), (D)(2)-(3), and (D)(5).

{¶ 18} R.C. 2929.11 and 2929.12 are not fact-finding statutes. Therefore, although the trial court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors listed in R.C. 2929.12, the court is not required to make findings or give reasons for imposing more than the minimum sentence. *State v. Pavlina*, 8th Dist. Cuyahoga No. 99207, 2013-Ohio-3620, ¶ 15, citing *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. A trial court's general statement that it considered the required

statutory factors, without more, is sufficient to fulfill its obligations under the sentencing statutes. *Id.*, citing *State v. Wright*, 8th Dist. Cuyahoga No. 95096, 2011-Ohio-733, ¶ 4. Indeed, consideration of the factors is presumed unless the defendant affirmatively shows otherwise. *State v. Wright*, 2018-Ohio-965, 108 N.E.3d 1109, ¶ 16 (8th Dist.), citing *State v. Keith*, 8th Dist. Cuyahoga Nos. 103413 and 103414, 2016-Ohio-5234, ¶ 11.

{¶ 19} On appeal, Miller acknowledges that the trial court "claimed to have considered the factors in R.C. 2929.11 and 2929.12." Nevertheless, Miller argues his sentence is clearly and convincingly unsupported by the record given the trial court's failure to adequately balance the purposes of felony sentencing or the applicable seriousness, recidivism, and mitigating factors set forth in R.C. 2929.12. Specifically, Miller submits that an aggregate sentence of two to three years in prison in Case No. CR-21-658365-A "would have more than adequately protected the public and punished the offender" given the breadth of evidence demonstrating that his conduct was less serious than conduct normally constituting the offenses pursuant to R.C. 2929.12(C)(1)-(4).

{¶ 20} After careful review of the record, we are unable to conclude, by clear and convincing evidence, that the sentences imposed on each individual offense in Case No. CR-21-658365-A were contrary to law. In this case, Miller makes no argument that his sentences did not fall within the statutory range, and our independent review of the record confirms that each sentence fell within the applicable statutory range. *See* R.C. 2929.14(A)(2)(a) and 2929.14(A)(5).

{¶ 21} The record further demonstrates that the trial court carefully considered R.C. 2929.11 and 2929.12 before sentencing Miller. The trial court stated, in relevant part:

> I have reviewed 2929.11 for the principles and purposes of sentencing, 2929.12 for the seriousness and recidivism factors, and 2929.13 and other Revised Code sections for felony sentencing.
>
> The court has formulated [the] following decision based upon the overriding principles and purposes of felony sentencing which are to protect the public from future crime by [the] defendant and others and punish the offender using the minimum sanctions that the court determines accomplishes those purposes without imposing an unnecessary burden on state or local government resources.
>
> To achieve the purposes the court has considered the need for incapacitation, deterrents, rehabilitation and providing for restitution. The court has considered the relevant sentencing guidelines provided in Revised Code 2929.11, 2929.12, and 2929.13, as well as 2929.19.

(Tr. 75-76.) The trial court further expressed in the sentencing journal entry that it considered "all required factors of the law" in imposing its sentences and found that "prison is consistent with the purpose of R.C. 2929.11." Under these circumstances, we find the sentences are not contrary to law.

{¶ 22} Finally, we decline Miller's invitation to second guess the trial court's interpretation of the facts and application of the pertinent statutory provisions. By challenging the adequacy of the trial court's statutory considerations, Miller is merely asking this court to independently weigh the sentencing factors and substitute our judgment for that of the trial court, which appellate courts are not permitted to do. *See Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, at ¶ 42 (""Nothing in R.C. 2953.08(G)(2) permits an appellate court to

independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12.").  As this court has routinely explained:

> """The weight to be given to any one sentencing factor is purely discretionary and rests with the trial court."'  *State v. Price*, 8th Dist. Cuyahoga No. 104341, 2017-Ohio-533, ¶ 20, quoting *State v. Ongert*, 8th Dist. Cuyahoga No. 103208, 2016-Ohio-1543, ¶ 10, citing *State v. Torres*, 8th Dist. Cuyahoga No. 101769, 2015-Ohio-2038, ¶ 11.  A lawful sentence "'cannot be deemed contrary to law because a defendant disagrees with the trial court's discretion to individually weigh the sentencing factors.  As long as the trial court considered all sentencing factors, the sentence is not contrary to law and the appellate inquiry ends.'"  *Price* at *id.*, quoting *Ongert* at ¶ 12."

*State v. Taylor*, 8th Dist. Cuyahoga No. 107881, 2019-Ohio-3367, ¶ 16, quoting *State v. Bailey*, 8th Dist. Cuyahoga No. 107216, 2019-Ohio-1242, ¶ 15.

{¶ 23} Because the record unambiguously demonstrates that the trial court considered the principles of felony sentencing, and the sentencing factors applicable in Miller's case, the first assignment of error is overruled.

## B.  The Reagan Tokes Law

{¶ 24} In the second assignment of error, Miller argues the trial court erred by imposing an indefinite sentence in Case No. CR-21-658365-A pursuant to the Reagan Tokes Law.  He contends the Reagan Tokes Law is unconstitutional because it violates the state and federal constitutional provisions for separation of powers, due process, and equal protection.

{¶ 25} Consistent with the well-establish precedent of this court, we find no merit to the constitutional challenges raised within this assigned error.  The

question of whether the Reagan Tokes Law is constitutional was decided in this court's en banc opinion in *State v. Delvallie*, 2022-Ohio-470, 185 N.E.3d 536 (8th Dist.). There, this court found "that the Reagan Tokes Law, as defined under R.C. 2901.011, is not unconstitutional," and reaffirmed the principles established in *State v. Gamble*, 2021-Ohio-1810, 173 N.E.3d 132 (8th Dist.); *State v. Simmons*, 2021-Ohio-939, 169 N.E.3d 728 (8th Dist.); and *State v. Wilburn*, 2021-Ohio-578, 168 N.E.3d 873 (8th Dist.). *See Delvallie* at ¶ 17. Because Miller does not advance any novel argument left unaddressed by the *Delvallie* decision, we find the constitutional challenges presented in this appeal are without merit.

{¶ 26} The second assignment of error is overruled.

{¶ 27} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, JUDGE

ANITA LASTER MAYS, P.J., and
EMANUELLA D. GROVES, J., CONCUR

N.B. Judge Eileen T. Gallagher joined the dissent by Judge Lisa B. Forbes in *Delvallie* and would have found that R.C. 2967.271(C) and (D) of the Reagan Tokes Law are unconstitutional.

Judge Emanuella D. Groves concurred with the opinions of Judge Lisa B. Forbes (dissenting) and Judge Anita Laster Mays (concurring in part and dissenting in part) in *Delvallie* and would have found the Reagan Tokes Law unconstitutional.

Judge Anita Laster Mays is constrained to apply *Delvallie's* en banc decision. For a full explanation of her analysis, *see State v. Delvallie*, 2022-Ohio-470, 185 N.E.3d 356 (8th Dist.). (Laster Mays, J., concurring in part and dissenting in part).