[Cite as *State v. Kilgour*, 2016-Ohio-7261.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,              CASE NO.  9-16-04

      v.

JASON RAY KILGOUR,               O P I N I O N

      DEFENDANT-APPELLANT.

STATE OF OHIO,

      PLAINTIFF-APPELLEE,               CASE NO.  9-16-05

      v.

JASON RAY KILGOUR,               O P I N I O N

      DEFENDANT-APPELLANT.

**Appeals from Marion County Common Pleas Court**
**Trial Court Nos. 2011-CR-0212 and 2015-CR-0015**

**Judgment Affirmed in Case No. 9-16-05**
**Appeal Dismissed in Case No. 9-16-04**

**Date of Decision:   October 11, 2016**

APPEARANCES:

     *Nathan D. Witkin* for Appellant

     *Kevin P. Collins* for Appellee

**PRESTON, J.**

{¶1} Defendant-appellant, Jason Ray Kilgour ("Kilgour"), appeals two October 20, 2015 judgment entries of the Marion County Court of Common Pleas. The first judgment entry, filed in trial court case No. 2011-CR-0212, revoked Kilgour's judicial release and reimposed the original sentence of four years in prison. Appellate case No. 9-16-04 was assigned to that appeal. The second judgment entry, filed in trial court case No. 2015-CR-0015, is a judgment entry of sentence following Kilgour's pleading guilty to one count of failure to register as a sex offender and one count of violating a protection order. Appellate case No. 9-16-05 was assigned to that appeal.

{¶2} On appeal, Kilgour's assignments of error address the trial court's October 20, 2015 judgment entry of sentence in trial court case No. 2015-CR-0015 (appellate case No. 9-16-05). Because Kilgour has failed to raise any assignments of error as to trial court case No. 2011-CR-0212 (appellate case No. 9-16-04) as required by App.R. 16(A)(3), we dismiss appellate case No. 9-16-04 for want of prosecution. *State v. Frazier*, 3d Dist. Shelby No. 17-11-06, 2013-Ohio-142, ¶ 12, citing *State v. Harshman*, 3d Dist. Seneca Nos. 13-12-02, 13-12-03, and 13-12-14, 2012-Ohio-3901, ¶ 6, citing *State v. Matthieu*, 3d Dist. Mercer Nos. 10-02-04 and 10-02-05, 2003-Ohio-3430, ¶ 10. As to appellate case No. 9-16-05, concerning trial

court case No. 2015-CR-0015, we affirm the judgment of the trial court for the reasons that follow.

{¶3} On January 15, 2015, the Marion County Grand Jury indicted Kilgour on: Count One of vandalism in violation of R.C. 2909.05(B)(1)(a), a fifth-degree felony; Count Two of vandalism in violation of R.C. 2909.05(B)(1)(b), a fifth-degree felony; Count Three of failure to register as sex offender in violation R.C. 2950.05(A), a third-degree felony; and Count Four of failure to register as sex offender in violation of R.C. 2950.05(B), a third-degree felony. (Doc. No. 1).

{¶4} On January 20, 2015, Kilgour entered pleas of not guilty to the counts of the indictment. (Doc. No. 5).

{¶5} On January 29, 2015, the State filed a supplemental indictment charging Kilgour with: Count Five of burglary in violation of R.C. 2911.12(A)(2), a second-degree felony; Count Six of theft in violation of R.C. 2913.02(A)(1), a fourth-degree felony; and Count Seven of violating a protection order in violation of R.C. 2919.27(A)(2), a fifth-degree felony. (Doc. No. 11).

{¶6} On February 2, 2015, Kilgour entered pleas of not guilty to the counts of the supplemental indictment. (Doc. No. 16).

{¶7} On August 26, 2015, Kilgour and the State entered into a plea agreement. (Doc. No. 56). Under the agreement, Kilgour entered pleas of guilty to Counts Four and Seven, and the trial court accepted his guilty pleas. (*Id.*); (Doc.

No. 61). On the State's recommendation, the trial court entered a nolle prosequi as to the remaining counts—Counts One, Two, Three, Five, and Six—and dismissed them. (*Id.*); (*Id.*).

{¶8} The trial court held a sentencing hearing on October 14, 2015. (Doc. No. 61). The trial court sentenced Kilgour to 18 months in prison as to Count Four and to 12 months in prison as to Count Seven, to be "served consecutively to each other, and consecutively to the sentence imposed in Marion County Common Pleas Court Case #11-CR-212." (*Id.*). The trial court filed its judgment entry of sentence on October 20, 2015. (*Id.*).

{¶9} On February 17, 2016, Kilgour filed a notice of appeal.[1] (Doc. No. 54). He raises two assignments of error for our review, which we address together.

**Assignment of Error No. I**

**The sentence in this matter is clearly and convincingly contrary to R.C. 2929.11 and R.C. 2929.12.**

**Assignment of Error No. II**

**The sentence in this matter is clearly and convincingly contrary to the requirement that sentences be determined based on each separate offense.**

{¶10} In this appeal, Kilgour challenges only his 18-month sentence for his failure-to-register-as-sex-offender conviction. In his first assignment of error,

---

[1] This court granted Kilgour's motion for leave to file a delayed appeal under App.R. 5(A).

Kilgour argues that R.C. 2929.11 and 2929.12 "do not support a sentence of eighteen (18) months," out of a possible 36 months, for Kilgour's failure-to-register-as-sex-offender conviction under R.C. 2950.05(B). (Appellant's Brief at 4). Kilgour also argues that an 18-month prison sentence "was not a minimum sanction [under R.C. 2929.11(A)] considering that [Kilgour] reported his change of address to his Probation Officer." (*Id.* at 5). He argues that "[a]ll of the seriousness and recidivism factors [under R.C. 2929.12] that were discussed by the State and counsel for Defendant focused on the conviction for Violation of a Protection Order." (*Id.*). In his second assignment of error, Kilgour argues that "the record indicates that this sentence was elevated because of the other offenses, many of which were dismissed." (*Id.*). We reject Kilgour's arguments.

{¶11} Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, ___ Ohio St.3d ___, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Marcum* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶12} Kilgour concedes that his 18-month sentence for his failure-to-register-as-sex-offender conviction is within the statutory range. *See State v. Magallanes*, 3d Dist. Putnam No. 12-14-02, 2014-Ohio-4878, ¶ 23 ("Magallanes's sentence was within the statutory range. Therefore, Magallanes's sentence was not contrary to law."), citing *State v. Toler*, 3d Dist. Auglaize No. 2-13-18, 2013-Ohio-5084, ¶ 19. Kilgour essentially argues that the trial court failed to satisfy R.C. 2929.11 and 2929.12 and that his 18-month sentence for his failure-to-register-as-sex-offender conviction was based on the trial court's consideration of other offenses, including dismissed charges.

{¶13} When sentencing an offender, the trial court must consider the overall purposes of sentencing under R.C. 2929.11 and the factors relating to the seriousness of the offense and recidivism of the offender under R.C. 2929.12. *Magallanes* at ¶ 21, citing *State v. Smith*, 3d Dist. Auglaize No. 2-06-37, 2007-Ohio-3129, ¶ 26, citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, ¶ 38. "Although it is required to consider R.C. 2929.11 and 2929.12, the trial court is not required to use specific language regarding its consideration of those statutes." *Id.*, citing *Smith* at ¶ 26 and *State v. Fletcher*, 3d Dist. Auglaize No. 2-13-02, 2013-Ohio-3076, ¶ 22.

{¶14} A review of the record indicates that the trial court considered R.C. 2929.11 and 2929.12 in sentencing Kilgour. In sentencing Kilgour, the trial court

stated that it "considered the general factors required by the Ohio Revised Code in determining sentence to be imposed and having further considered the specific facts of this case and the Defendant's circumstances." (Oct. 14, 2015 Tr. at 23-24). *See Magallanes* at ¶ 22. In its judgment entry of sentence, the trial court stated, "The Court has considered the record, oral statements, any victim impact statement and pre-sentence report prepared, as well as the principles and purposes of sentencing under R.C. 2929.11, and the appropriate factors under R.C. 2929.12." (Doc. No. 61). *See Magallanes* at ¶ 22. These statements demonstrate that the trial considered R.C. 2929.11 and 2929.12 as required. *See State v. Parson*, 3d Dist. Auglaize No. 2-10-27, 2011-Ohio-168, ¶ 16.

**{¶15}** Furthermore, the trial court noted that Kilgour "committed the offenses * * * while under a community control sanction." (Doc. No. 61). The record reflects that Kilgour has a criminal history with multiple convictions dating to 2000. (*See* Oct. 14, 2015 Tr. at 4-5); (Presentence Investigation Report). *See Parson* at ¶ 16; *Magallanes*, 2014-Ohio-4878, at ¶ 22. This criminal history was part of the "Defendant's circumstances" considered by the trial court. Contrary to Kilgour's argument, the trial court, when sentencing him on his failure-to-register-as-sex-offender conviction, was allowed to consider other offenses committed by Kilgour *and* the counts dismissed under the plea agreement. *See State v. Ford*, 3d Dist. Union No. 14-10-07, 2010-Ohio-4069, ¶ 12 ("[E]vidence of other crimes,

including crimes that never result in criminal charges being pursued, or criminal charges that are dismissed as a result of a plea bargain, may be considered at sentencing." (Emphasis deleted.)), citing *State v. Starkey*, 7th Dist. Mahoning No. 06 MA 110, 2007-Ohio-6702, ¶ 17, citing *State v. Cooey*, 46 Ohio St.3d 20, 35 (1989). We also note—as Kilgour concedes—that his sentence for his failure-to-register-as-sex-offender conviction was half of the maximum sentence allowed under the law. *See State v. Richards*, 3d Dist. Union No. 14-15-27, 2016-Ohio-1293, ¶ 11. Finally, we note that Kilgour relies on the content of the State's counsel's and his counsel's statements at the sentencing hearing—not anything the trial court said or wrote—in arguing that the trial court erred. We reject Kilgour's attempt to substitute his words for the trial court's. *See State v. King*, 70 Ohio St.3d 158, 162 (1994) ("It is axiomatic that '[i]n Ohio a court speaks through its journal.'"), quoting *State ex rel. Worcester v. Donnellon*, 49 Ohio St.3d 117, 118 (1990).

{¶16} For the reasons above, we cannot conclude by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law.

{¶17} Kilgour's first and second assignments of error are overruled.

Case Nos. 9-16-04 and 9-16-05

{¶18} Having found no error prejudicial to the appellant herein in the particulars assigned and argued in appellate case No. 9-16-05, we affirm the judgment of the trial court.

*Judgment Affirmed in Case No. 9-16-05;*
*Appeal Dismissed in Case No. 9-16-04*

**WILLAMOWSKI and ROGERS, J.J., concur.**

**/jlr**