[Cite as *State v. Polley*, 2020-Ohio-3213.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

State of Ohio                                        Court of Appeals No. OT-19-039

    Appellee                                  Trial Court No. 19 CR 099

v.

Joshua Polley                                     **DECISION AND JUDGMENT**

    Appellant                                 Decided:  June 5, 2020

* * * * *

James J. VanEerten, Ottawa County Prosecuting Attorney, and
Blake W. Skilliter, Assistant Prosecuting Attorney, for appellee.

Brett A. Klimkowsky, for appellant.

* * * * *

**MAYLE, J.**

**Introduction**

{¶ 1} Following a jury trial in the Ottawa County Court of Common Pleas, the

defendant-appellant, Joshua Polley, was convicted of attempted murder and assault.  The

trial court sentenced him to an indefinite term of 10 to 15 years in prison.  On appeal,

Polley argues that the sentence is contrary to law. As set forth below, we affirm the trial court's judgment.

## Background

{¶ 2} The evidence at trial established that Polley, his girlfriend, and a group of friends were gathered at his girlfriend's home in Ottawa County on the evening of May 3, 2019. Polley became upset with his girlfriend, and he confronted her by yanking her to the ground and pulling her hair. S.W., who was a guest that night, attempted to intervene, and Polley responded by hitting S.W. in the chest. Another guest, J.C., tried to help S.W. by pushing Polley away. Polley struck J.C. in the face, causing her to lose consciousness and break her nose. Polley then resumed his beating of S.W., this time with a small kitchen knife. Polley stabbed S.W. in the neck, arms, and hands before S.W. was able to break free and retreat from the house. Polley grabbed a meat cleaver and chased S.W. Once outside, Polley threw the meat cleaver at S.W., which struck him in the back of his head, blade first, and fractured his skull. When the police arrived, they found S.W. bleeding profusely from the head. Later that night, S.W. was airlifted to the Cleveland Clinic for treatment. After a police search, Polley was apprehended.

{¶ 3} On May 16, 2019, Polley was indicted on eight counts: assault, in violation of R.C. 2903.13(A) and (C)(1), a misdemeanor of the first degree (Count 1); attempted murder, in violation of R.C. 2923.02(A) and (E)(1) and 2903.02(A), a felony of the first degree (Count 2); attempted murder, in violation of R.C. 2923.02(A) and (E)(1) and 2903.02(B), a felony of the first degree (Count 3); felonious assault, in violation of R.C.

2.

2903.11(A)(1) and (D)(1)(a), a felony of the second degree (Count 4); felonious assault, in violation of R.C. 2903.11(A)(2) and (D)(1)(a), a felony of the second degree (Count 5); aggravated assault, in violation of R.C. 2903.12(A)(1)(b), a felony of the fourth degree (Count 6); aggravated assault, in violation of R.C. 2903.12(A)(2)(b), felony of the fourth degree (Count 7), and obstructing official business, in violation of R.C. 2921.31(A) and (B), a  felony of the fifth degree (Count 8).

{¶ 4} Polley was tried before a jury and found guilty on five counts:  assault (Count 1), both counts of attempted murder (Counts 2 and 3) and both counts of felonious assault (Counts 4 and 5).

{¶ 5} Polley was sentenced on October 2, 2019. At the conclusion of the hearing, the trial court imposed a 180-day sentence as to the assault offense (Count 1).  The trial court found that the remaining counts (Counts 2-5) were "qualifying offenses" subject to indefinite sentencing under R.C. 2929.144.[1]  The trial court merged Counts 2-5 as allied

---

[1] R.C. 2929.144 is part of *The Reagan Tokes Law,* which took effect on March 22, 2019. The law "significantly altered the sentencing structure for many of Ohio's most serious felonies" by implementing an indefinite sentencing system for those non-life felonies of the first and second degree, committed on or after the effective date.  *See* R.C. 2929.144(A) defining a "Qualifying offense."  The new law requires the sentencing judge to impose a "minimum term" from within the currently established sentencing range (set forth in R.C. 2929.14) and a "maximum term" of an additional fifty percent of the "minimum term" imposed.  *See* R.C. 2929.144(B). "Release [from prison] is presumed to occur at the expiration of the 'minimum term,' however the Department of Rehabilitation and Corrections may * * * rebut that release presumption and impose additional prison time up to the 'maximum term.'"  The DRC may also reduce the minimum term, with the approval of the sentencing court.  *See* The Ohio Criminal Sentencing Commission, *SB 201 Quick Reference Guide May 2019.*  Polley does not

3.

offenses of similar import under R.C. 2941.25, and the state elected to have Polley

sentenced under Count 2 (attempted murder).  The court then sentenced Polley to a

minimum prison term of 10 years and a maximum prison term of 15 years.  It ordered

that the sentence be served concurrently with Count 1.  It further imposed a five-year

mandatory term of post release control.

{¶ 6} Polley appealed and raises a single assignment of error for our review.

Assignment of Error:  The Trial Court's sentence of Joshua T. Polley

("Appellant") is excessive and/or violative of the law.

**Law and Analysis**

{¶ 7} We review sentencing challenges under R.C. 2953.08(G)(2).  This statute

allows an appellate court to increase, reduce, or otherwise modify a sentence or vacate

the sentence and remand the matter for resentencing only if it clearly and convincingly

finds either of the following:

(a) That the record does not support the sentencing court's findings

under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of

section 2929.14, or division (I) of section 2929.20 of the Revised Code,

whichever, if any, is relevant;

challenge the trial court's determination that he is subject to indefinite sentencing because
he committed "qualifying offenses" after the effective date of the statute.

4.

(b) That the sentence is otherwise contrary to law. R.C. 2953.08(G)(2).

{¶ 8} A sentence is not clearly and convincingly contrary to law where the trial court has considered the purposes and principles of sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12, properly applied postrelease control, and imposed a sentence within the statutory range. *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 15-16, citing *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124.

{¶ 9} Here, Polley does not challenge the trial court's compliance with the sentencing statutes identified in subsection (a) of R.C. 2953.08(G)(2), nor does he claim that the trial court misapplied postrelease control under R.C. 2967.28, or that it imposed a sentence outside the statutory range for a first-degree felony under R.C. 2929.14(A)(1)(a). ("For a felony of the first degree committed on or after [March 22, 2019], the prison term shall be an indefinite prison term with a stated minimum term selected by the court of three, four, five, six, seven, eight, nine, ten, or eleven years and a maximum term that is determined pursuant to section 2929.144 of the Revised Code * * *."). In his appeal, Polley argues that his sentence is excessive because it fails to achieve the principles and purposes of sentencing, as set forth in R.C. 2929.11. He also challenges the weight that the court assigned to the various factors it was required to consider under R.C. 2929.12.

5.

{¶ 10} An appellate court may review a sentence imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12 "under a standard that is equally deferential to the sentencing court." *State v. Marcum,* 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 23. Thus, we may vacate or modify the sentence only if we find by clear and convincing evidence that the record does not support the sentence. *Id.*

{¶ 11} Under R.C. 2929.11(A), the purposes of felony sentencing are "to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." To achieve these purposes, the sentencing court must consider "the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." R.C. 2929.11(A). The sentence imposed shall be reasonably calculated to achieve the overriding purposes, "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).

{¶ 12} R.C. 2929.12 grants discretion to the trial court to determine the most effective way to comply with the purposes and principles of sentencing, and it lists general factors that the trial court must consider relating to the seriousness of the offender's conduct, the likelihood of recidivism, and, if applicable, the offender's service

6.

in the U.S. armed forces. R.C. 2929.12(A) also permits the court to "consider any other factors that are relevant to achieving those purposes and principles of sentencing." A sentencing court has "broad discretion to determine the relative weight to assign the sentencing factors in R.C. 2929.12." *State v. Brimacombe*, 195 Ohio App.3d 524, 2011-Ohio-5032, 960 N.E.2d 1042, ¶ 18 (6th Dist.).

{¶ 13} At the October 2, 2019 hearing and in its judgment entry, the trial court expressly stated that it had "considered the record, the oral statements, all victim impact statements, as well as the principles and purposes of sentencing under * * * R.C. 2929.11 [and] balanced the seriousness and recidivism factors under [R.C] 2929.12." The court further specified at the hearing that the "more likely recidivism factors outweigh[ed] the less likely [recidivism] factors and the more serious factors outweigh[ed] the less serious factors" under R.C. 2929.12. These statements demonstrate that the court considered R.C. 2929.11 and 2929.12 as required. *See, e.g., State v. Torres*, 6th Dist. Ottawa No. OT-18-008, 2019-Ohio 434, ¶ 13, citing *State v. Kilgour*, 3d Dist. Marion Nos. 9-16-04, 9-16-05, 2016-Ohio-7261, ¶ 14.

{¶ 14} Polley, however, claims that the trial court failed to use the minimum sanctions available, as required by R.C. 2929.11(A), and assigned insufficient weight to certain mitigating factors, i.e., his "mental illness and remorse," under R.C. 2929.12. We disagree.

{¶ 15} Although R.C. 2929.11(A) requires the trial court to impose "the minimum sanctions that the court determines accomplish those purposes without imposing an

7.

unnecessary burden on state or local government resources," this does not mean that the court must impose the statutory minimum sentence. To the contrary, "the trial court ha[s] full discretion to impose any sentence within the authorized statutory range * * *." *State v. Connors*, 2d Dist. Montgomery No. 26721, 2016-Ohio-3195, ¶ 6.

{¶ 16} Likewise, the trial court had full discretion to determine whether the mitigating factors of R.C. 2929.12(C) were outweighed by the seriousness of Polley's conduct. During the sentencing hearing, the state reminded the court that, after Polley was convicted, he threatened "the victim [and] corrections officers [when he said] 'I was nice while I [was] in here, but now you will see the real me' and 'I should have just killed the victim [because] I would have gotten the same sentence.'" The state also pointed to Polley's "prior domestic violence convictions" as evidence of his "explosive anger" issues. The trial court found these factors to be significant, adding that Polley's sentencing hearing had to be "moved up" because Polley had "made it very clear" to corrections officials that "it would not be easy to * * * maintain [him]" at the local jail. The trial court concluded that Polley "certainly" needed to be punished, but given Polley's "anger issues," the need to protect the public also "weigh[ed] very heavily [on] the Court's mind."

{¶ 17} While Polley argues that the trial court overlooked certain mitigating factors under R.C. 2929.12(C)—i.e., his "genuine remorse" and mental illness—the trial court was not required to specify which statutory factors it relied upon. *Torres* at ¶ 14;

*State v. Wymer*, 6th Dist. Lucas No. L-18-1108, 2019-Ohio-1563, ¶ 10. From our review of the sentencing hearing transcript, the trial court appears to have concluded that certain R.C. 2929.12(B) factors—including the fact that Polley caused "serious physical * * * harm" to the victim—outweighed any possible grounds for mitigation. Moreover, the trial court could have concluded that Polley's claim that he was "sorry for everything" did not demonstrate "genuine remorse" as required by R.C. 2929.12(E)(5). *See, e.g., State v. Anderson*, 172 Ohio App.3d 603, 2007-Ohio-3849, 876 N.E.2d 632 (11th Dist.) (Trial court was not required to accept defendant's "last hour show of remorse" when applying recidivism factors for sentencing). And to the extent that Polley now argues that he "needs mental health treatment—not a lengthy term of incarceration—in order for the goal of felony sentencing to properly be served," the trial court concluded otherwise, and we will not disturb this finding on appeal.

{¶ 18} Simply put, as an appellate court, we may not substitute our judgment for that of the trial judge even if a different judge may have weighed the statutory factors differently. *State v. Irwin,* 8th Dist. Cuyahoga No. 108099, 2019-Ohio-4462, ¶ 15. Because the trial court imposed a sentence within the statutorily-permissible range, properly imposed post-release control, and properly evaluated R.C. 2929.11 and 2929.12 in imposing Polley's sentence, we find that his sentence was not contrary to law under R.C. 2953.08(G)(2)(b). Therefore, we find his assignment of error not well-taken.

**Conclusion**

{¶ 19} We find Polley's sole assignment of error not well-taken. The trial court properly considered the purposes and principles of sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12, and Polley has presented no clear and convincing evidence that his sentence was not supported by the record. We affirm the October 2, 2019 judgment of the Ottawa County Court of Common Pleas. The costs of this appeal are assessed to Polley under App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                                                          _____

                                                                    JUDGE

Christine E. Mayle, J.

_____

                                                                    JUDGE

Gene A. Zmuda, P.J.
CONCUR.

_____

                                                                    JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.