[Cite as *State v. Hinze*, 2022-Ohio-2602.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 29290 |
| | : | |
| v. | : | Trial Court Case No. 2019-CR-4108/2 |
| | : | |
| AMANDA HINZE | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 29th day of July, 2022.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

DENNIS A. LIEBERMAN, Atty. Reg. No. 0029460 & RICHARD HEMPFLING, Atty. Reg. No. 0029986, 10 North Ludlow Street, Suite 200, Dayton, Ohio 45402
    Attorneys for Defendant-Appellant

. . . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Amanda Hinze appeals from her convictions, following her guilty pleas, to three counts of endangering children and one count of involuntary manslaughter. Hinze asserts that the trial court's judgment entry of conviction incorrectly calculated of her maximum aggregate sentence under the Reagan Tokes Act and did not reflect the court's oral pronouncement of her sentence. The State concedes error. Therefore, we reverse the judgment in part and remand for resentencing consistent with this opinion. In all other respects, the judgment is affirmed.

{¶ 2} On December 27, 2019, Hinze was indicted on one count of endangering children (parent-serious harm), in violation of R.C. 2919.22(A) (Count 1); one count of endangering children (serious physical harm), in violation of R.C. 2919.22(B)(1) (Count 2); one count of endangering children (torture-serious harm), in violation of R.C. 2919.22(B)(2) (Count 3); and one count of endangering children (corporal punishment-serious harm), in violation of R.C. 2919.22(B)(3) (Count 4). Count 1 was a felony of the third degree, and the other offenses were felonies of the second degree.

{¶ 3} On July 1, 2020, a reindictment was issued. Hinze was indicted on four counts of involuntary manslaughter, in violation of R.C. 2903.04(A), felonies of the first degree (Counts 1-4); one count of kidnapping (terrorize/physical harm), in violation of R.C. 2905.01(A)(3), a felony of the first degree (Count 5); and two counts of endangering children (parent-serious harm), in violation of R.C. 2919.22(A), felonies of the third degree (Counts 6-7).

{¶ 4} On September 9, 2021, after her motion to suppress was overruled, Hinze

pled guilty to Counts 3 and 4 in the original indictment and to Counts 1 and 6 in the reindictment.   At the plea hearing, the following exchange occurred:

THE COURT:   And I do believe there's been a plea agreement reached between the State and the Defendant.   So [Prosecutor], would you please recite what that plea agreement is?

[THE PROSECUTOR]: * * *   Your Honor, I'm going to read from the email, so that we get it correct, that I'd sent to counsel.   Amanda Hinze would be pleading to Count I of the B indictment, felony 1 manslaughter; Count III of the original indictment, F-2 in child endangering, torture; Count IV of the original indictment, F-2, child endangering, restraint; Count VI of the B indictment, F-3, child endangering.   The total potential that she could face by terms of this agreement would be 9 to - - 9 months to 30 years. She will be going to prison under the terms of the agreement within that range.   The parties agree to no merger for these counts.   She will waive all waivable appeals and post-conviction proceedings.   She'll withdraw all pending motions.   She'll be sentenced to prison.   Both parties can argue and present evidence to request sentencing within the 9 months to 30-year range.   She'll execute and has executed a full proffer agreement to testify. The sentencing will be deferred until after Codefendant McLean's trial. She would have no eligibility for early release pending the sentence imposed by the Court.

The full proffer agreement is State's Exhibit 1 that has been provided

to counsel. It has been signed by Defendant who is present with her attorney, * * * and has been signed by the State of Ohio's attorneys and the State's detective. It has also been initialed, each and every paragraph by the Defendant Amanda Hinze to indicate that she has gone over each specific paragraph with her counsel.

Defense counsel acknowledged his understanding of the plea agreement, as did Hinze. Hinze's plea form for Count 1 of the reindictment set forth a maximum term of 16.5 years, and her plea form for Counts 3 and 4 of the original indictment set forth a maximum term of 12 years.

{¶ 5} Sentencing occurred on September 29, 2021. The court pronounced sentence as follows:

In regards to the B indictment, under Count I, manslaughter, I sentence you to a minimum term of 11 years to a maximum term of 16-1/2 years. Under Count VI of the B indictment, endangering children, I sentence you to a term of 36 months in the Ohio Reformatory for Women.

Under original indictment referred to as A, Count III, endangering children, a felony of the second degree, I'm going to sentence you to a minimum term of 8 years and a maximum term of 12 years. Under Count IV of that same indictment, endangering children, I sentence you to a term of 8 years - - minimum term of 8 years to a maximum term of 12 years.

Counts I and VI of the B indictment are to run consecutive to each other. Counts III and IV of the original indictment are to run concurrently

with each other but consecutive to the B indictment, Counts I and VI, for a total sentence of minimum of 22 years.

**{¶ 6}** On September 30, 2021, the court issued a judgment entry of conviction that provided as follows:

*Sentenced to indefinite prison term under Reagan Tokes law (SB 201) effective March 20, 2019.*

WHEREFORE, it is the JUDGMENT and SENTENCE of the Court that the defendant herein be delivered to the **OHIO REFORMATORY FOR WOMEN** there to be imprisoned and confined for a term of
**A INDICTMENT: CT 3: MINIMUM EIGHT (8) YEARS to MAXIMUM TWELVE (12) YEARS,**

**A INDICTMENT: CT 4: MINIMUM EIGHT YEARS to MAXIMUM TWELVE (12) YEARS.**

**B INDICTMENT: CT 1: MINIMUM ELEVEN (11) YEARS to MAXIMUM SIXTEEN AND A HALF (16.5) YEARS MAXIMUM,**

**B INDICTMENT: CT 6: THIRTY-SIX (36) MONTHS.**

**COUNTS 3 AND 4 TO BE SERVED CONCURRENT TO EACH OTHER AND CONSECUTIVE TO CT 1 AND 6.**

**COUNTS 1 AND 6 TO BE SERVED CONSECUTIVE TO EACH OTHER AND CONCURRENT TO COUNTS 3 AND 4.**

* * *

**TOTAL SENTENCE IMPOSED:   22 YEARS MINIMUM TO 28 YEARS MAXIMUM**

**{¶ 7}** On October 13, 2021, the trial court issued a second judgment entry of conviction that was identical to the initial one except that it provided as follows: "**TOTAL SENTENCE IMPOSED: 22 YEARS MINIMUM TO 31.5 YEARS MAXIMUM**[.]"

**{¶ 8}** On November 1, 2021, Hinze filed her notice of appeal, listing both judgments as judgments on appeal.

**{¶ 9}** As a preliminary matter, we question whether the trial court had the authority

to file an amended judgment entry that made a substantive change to the sentence it had imposed. But we need not resolve that question, because we are reversing the trial court's judgment. Further, either the September 30 judgment was the final judgment or the October 13 judgment superseded that judgment and that was the final judgment, but both were not effective final judgments. (The notice of appeal was timely as to either judgment.) Thus, we will refer to only a single judgment entry of conviction in this opinion.

{¶ 10} Hinze asserts the following assignment of error:

THE SENTENCE SET FORTH IN THE TRIAL COURT'S TERMINATION ENTRY DIFFERED FROM THAT WHICH WAS ANNOUNCED AT THE TIME OF SENTENCING AND WAS CONTRARY TO LAW AND LOGIC.

{¶ 11} Hinze asserts that the trial court's calculation of the total minimum term of 22 years was correct, but that the total maximum term "should have been the sum of that total minimum plus one half of only the longest minimum of the most serious felony being sentenced." Hinze asserts that the "most serious felony was Count 1 of the 'B' Indictment, a felony of the first degree. The minimum for that was 11 years. Thus, only one half of that 11 years (i.e. 5.5 years) should have been added to the total minimum, resulting in a total maximum sentence of 27.5 years." Hinze asserts that the judgment entry "exceeded that permissible maximum term" and therefore was contrary to law, and this matter must be remanded for resentencing.

{¶ 12} Hinze further asserts that the trial court's statements regarding concurrent

and consecutive sentences differed from what was announced in open court and were also "illogical and impossible to achieve." She asserts:

> At the time of sentencing, the Court stated that the first and sixth counts of the "B" Indictment were to be consecutive to each other, and that the third and fourth counts of the "A" Indictment were to be concurrent to each other, but consecutive to the two counts of the "B" Indictment. On the other hand, both the September 30, 2021 and the October 13, 2021 Termination Entries state, *inter alia*, that Counts 3 and 4 are to be concurrent to each other and <u>consecutive to Counts 1 and 6</u>, while at the same time stating that Counts 1 and 6 are to be consecutive to each other but <u>concurrent to Counts 3 and 4</u>. This is inconsistent with the announcement at the time of sentencing, and it is impossible for both statements to be true. Thus, resentencing is necessary on this basis as well.

(Emphasis sic.) Appellant's Brief p. 4.

{¶ 13} The State concedes error and asks that this matter be remanded to the trial court with an instruction that it correct its mistakes by filing an amended judgment entry. According to the State, because the trial court correctly announced the sentence at the sentencing hearing, and the only error occurred in the judgment entry, Hinze does not need to be re-sentenced; the error can be corrected through the filing of an amended judgment entry that reflects the maximum sentence as being 27.5 years.

{¶ 14} This Court recently summarized the Reagan Tokes Act as follows:

The Reagan Tokes Law, effective on March 22, 2019, " 'significantly altered the sentencing structure for many of Ohio's most serious felonies' by implementing an indefinite sentencing system for those non-life felonies of the first and second degree, committed on or after the effective date." *State v. Polley*, 6th Dist. Ottawa No. OT-19-039, 2020-Ohio-3213, ¶ 5, fn. 1. The Law requires the sentencing judge to impose a "minimum term" from within the currently established sentencing range and a "maximum term" of an additional fifty percent of the imposed minimum term. *See* R.C. 2929.144(B). "Release [from prison] is presumed to occur at the expiration of the 'minimum term,' however the Department of Rehabilitation and Corrections [DRC] may, under certain circumstances, rebut that release presumption and impose additional prison time up to the 'maximum term.' " The Ohio Criminal Sentencing Commission, SB 201 Quick Reference Guide July 2019. The DRC may also reduce the minimum term, with the approval of the sentencing court. *Id.*

*State v. Leamman*, 2d Dist. Champaign Nos. 2021-CA-30 and 2021-CA-35, 2022-Ohio-2057, ¶ 9, quoting *State v. Ferguson*, 2d Dist. Montgomery No. 28644, 2020-Ohio-4153, ¶ 20.

{¶ 15} R.C. 2929.144 provides:

* * *

(B) The court imposing a prison term on an offender under division (A)(1)(a) or (2)(a) of section 2929.14 of the Revised Code for a qualifying

felony of the first or second degree shall determine the maximum prison term that is part of the sentence in accordance with the following:

* * *

(2) If the offender is being sentenced for more than one felony, if one or more of the felonies is a qualifying felony of the first or second degree, and if the court orders that some or all of the prison terms imposed are to be served consecutively, the court shall add all of the minimum terms imposed on the offender under division (A)(1)(a) or (2)(a) of section 2929.14 of the Revised Code for a qualifying felony of the first or second degree that are to be served consecutively and all of the definite terms of the felonies that are not qualifying felonies of the first or second degree that are to be served consecutively, and the maximum term shall be equal to the total of those terms so added by the court plus fifty per cent of the longest minimum term or definite term for the most serious felony being sentenced.

{¶ 16} As the parties assert, the court correctly calculated Hinze's minimum prison term of 22 years (11 years for the felony of the first degree in the reindictment, plus eight years for the concurrent endangering children offenses in the initial indictment, plus the three year sentence for the third degree felony in the reindictment, equals 22 years.) At the sentencing hearing, the court failed to calculate the maximum term which, as the parties agree, is 27.5 years (the 22 year minimum sentence, plus fifty percent of the 11-year sentence, or 5.5).   The trial court incorrectly calculated the maximum term in each of the judgments it filed.   We also agree with the parties that the imposition of the

concurrent and consecutive sentences was internally inconsistent and incorrect.

{¶ 17} The record before us further reflects that the trial court failed to comply with R.C. 2929.19, which governs sentencing hearings, and provides:

(2) Subject to division (B)(3) of this section, if the sentencing court determines **at the sentencing hearing** that a prison term is necessary or required, the court shall do all of the following:

* * *

(c) If the prison term is a non-life felony indefinite prison term, **notify the offender of all of the following:**

(i) That it is rebuttably presumed that the offender will be released from service of the sentence on the expiration of the minimum prison term imposed as part of the sentence or on the offender's presumptive earned early release date, as defined in section 2967.271 of the Revised Code, whichever is earlier;

(ii) That the department of rehabilitation and correction may rebut the presumption described in division (B)(2)(c)(i) of this section if, at a hearing held under section 2967.271 of the Revised Code, the department makes specified determinations regarding the offender's conduct while confined, the offender's rehabilitation, the offender's threat to society, the offender's restrictive housing, if any, while confined, and the offender's security classification;

(iii) That if, as described in division (B)(2)(c)(ii) of this section, the

department at the hearing makes the specified determinations and rebuts the presumption, the department may maintain the offender's incarceration after the expiration of that minimum term or after that presumptive earned early release date for the length of time the department determines to be reasonable, subject to the limitation specified in section 2967.271 of the Revised Code;

(iv) That the department may make the specified determinations and maintain the offender's incarceration under the provisions described in divisions (B)(2)(c)(i) and (ii) of this section more than one time, subject to the limitation specified in section 2967.271 of the Revised Code;

(v) That if the offender has not been released prior to the expiration of the offender's maximum prison term imposed as part of the sentence, the offender must be released upon the expiration of that term.

(Emphasis added.)   *See also State v. Thompson*, 2d Dist. Clark No. 2020-CA-60, 2021-Ohio-4027, ¶ 27-31.   The trial court failed to make the required indefinite sentencing notifications at the sentencing hearing, and they are not included in its judgment entry.

{¶ 18} For the foregoing reasons, Hinze's sentence is contrary to law.   The judgment is reversed in part and the matter is remanded to the trial court for the sole purpose of resentencing Hinze based upon the conceded errors herein and pursuant to

R.C. 2929.19(B)(2)(c).[1]   In all other respects, the judgment is affirmed.

. . . . . . . . . . . .

TUCKER, P.J. and LEWIS, J., concur.


Copies sent to:

Mathias H. Heck, Jr.
Andrew T. French
Dennis A. Lieberman
Richard Hempfling
Hon. Dennis J. Adkins

---

[1] We note that the trial court filed a third judgment entry on November 15, 2021, after the notice of appeal was filed.   This judgment corrected the maximum sentence to 27.5 years and clarified the concurrent/consecutive nature of the sentences, but it did not address the failure to provide the required notifications at sentencing.  Moreover, insofar as a notice of appeal had been filed, the trial court clearly lacked jurisdiction to take further action at that time, and this judgment was a nullity.