[Cite as *State v. Cerrato*, 2024-Ohio-1735.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HENRY COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

AUDILI CERRATO,

    DEFENDANT-APPELLANT.

CASE NO. 7-23-14

**O P I N I O N**

---

Appeal from Henry County Common Pleas Court
Trial Court No. 22 CR 0032

Judgment Affirmed in Part, Reversed in Part, and Cause Remanded

Date of Decision:  May 6, 2024

---

APPEARANCES:

    *Jeffrey P. Nunnari* for Appellant

    *Gwen Howe-Gebers* for Appellee

**ZIMMERMAN, J.**

{**¶1**} Defendant-appellant, Audili Cerrato ("Cerrato"), appeals the July 27, 2023 judgment entry of sentence of the Henry County Court of Common Pleas. For the reasons that follow, we affirm in part and reverse in part.

{**¶2**} The genesis of this case involves the March 13, 2022 death of S.P., an adult with special needs. S.P. died while in the care of Cerrato, who had been S.P.'s caretaker for nearly seven months prior to S.P.'s death.

{**¶3**} On March 31, 2022, the Henry County Grand Jury indicted Cerrato on Count One of murder in violation of R.C. 2903.02(B), (D), and 2929.02(B), an unspecified felony, and Count Two of felonious assault in violation of R.C. 2903.11(A)(1), (D)(1)(a), a second-degree felony. The indictment included forfeiture specifications as to both counts. On April 5, 2022, Cerrato appeared for arraignment and entered pleas of not guilty.

{**¶4**} On June 9, 2023, Cerrato withdrew her pleas of not guilty and entered guilty pleas under a negotiated-plea agreement to an (amended) Count One, Count Two, and the forfeiture specifications. In exchange for her change of pleas, the State agreed to amend Count One to involuntary manslaughter in violation of R.C. 2903.04(A), a first-degree felony, and agreed to a joint-sentencing recommendation. The trial court accepted Cerrato's guilty pleas, found her guilty, ordered the property identified in the forfeiture specifications forfeited, and ordered a pre-sentence investigation.

{¶5} On July 26, 2023, the trial court sentenced Cerrato (based on the joint-sentencing recommendation of the parties) to a minimum term of 10 years in prison to a maximum term of 15 years in prison on Count One and to a minimum term of 5 years in prison to a maximum term of 7 1/2 years in prison on Count Two.[1] (Doc. No. 85). The trial court ordered Cerrato to serve the prison terms consecutively for an aggregate sentence of a minimum term of 15 years in prison to a maximum term of 22 1/2 years in prison.[2]

{¶6} On August 15, 2023, Cerrato filed her notice of appeal. She raises two assignments of error for our review.

## First Assignment of Error

**Appellant's Aggregate Sentence Is Contrary To Law.**

{¶7} In her first assignment of error, Cerrato challenges the prison sentence imposed by the trial court. Specifically, Cerrato argues that her sentence is contrary to law because the aggregate maximum term of 22 1/2 years imposed by the trial court exceeds maximum term that the trial court was authorized to impose.

*Standard of Review*

{¶8} R.C. 2953.08(A) provides specific grounds for a defendant to appeal a sentence. *State v. Underwood*, 124 Ohio St .3d 365, 2010-Ohio-1, ¶ 10. Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by

---

[1] The trial court filed its judgment entry of sentence on July 27, 2023.
[2] On August 9, 2023, the trial court filed a nunc pro tunc judgment entry of sentence to correct a clerical error.

clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

*Analysis*

{¶9} However, under R.C. 2953.08(D)(1), "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." "[A] sentence is 'authorized by law' and is not appealable within the meaning of R.C. 2953.08(D)(1) only if it comports with all sentencing provisions." *Underwood* at ¶ 20. "[W]hen a sentence fails to include a mandatory provision, it may be appealed because such a sentence is 'contrary to law' and is also not 'authorized by law.'" *Id.* at ¶ 21.

{¶10} Here, *only* Cerrato's aggregate sentence of a minimum term of 15 years in prison was jointly recommended by the parties and imposed by the trial court. In other words, Cerrato asserts that her sentence is reviewable on appeal because she did not agree to the aggregate maximum term of 22 1/2 years in prison that was imposed by the trial court. Based on our review of the record, we agree that Cerrato's sentence is not authorized by law and is contrary to law.

{¶11} Ohio's current sentencing scheme (commonly known as the "Reagan Tokes Law"), "'significantly altered the sentencing structure for many of Ohio's most serious felonies' by implementing an indefinite sentencing system for non-life, first and second-degree felonies committed on or after its effective date." *State v. Stenson*, 6th Dist. Lucas No. L-20-1074, 2022-Ohio-2072, ¶ 5, quoting *State v. Polley*, 6th Dist. Ottawa No. OT-19-039, 2020-Ohio-3213, ¶ 5, fn. 1. Specifically, "[t]he Law specifies that the indefinite prison terms will consist of a minimum term, selected by the sentencing judge from a range of terms set forth in R.C. 2929.14(A), and a maximum term determined by formulas set forth in R.C. 2929.144." *Id.*

{¶12} R.C. 2929.144 provides, in its relevant part:

(B) The court imposing a prison term on an offender under division (A)(1)(a) or (2)(a) of section 2929.14 of the Revised Code for a qualifying felony of the first or second degree shall determine the maximum prison term that is part of the sentence in accordance with the following:

* * *

(2) If the offender is being sentenced for more than one felony, if one or more of the felonies is a qualifying felony of the first or second degree, and if the court orders that some or all of the prison terms imposed are to be served consecutively, the court shall add all of the minimum terms imposed on the offender under division (A)(1)(a) or (2)(a) of section 2929.14 of the Revised Code for a qualifying felony of the first or second degree that are to be served consecutively and all of the definite terms of the felonies that are not qualifying felonies of the first or second degree that are to be served consecutively, and the maximum term shall be equal to the total of those terms so added by the court *plus fifty per cent of the longest minimum term or definite term for the most serious felony being sentenced*.

(Emphasis added.) R.C. 2929.144(B)(2).

-5-

{¶13} Imperatively, "'trial courts have full discretion to impose any sentence within the statutory range.'" *State v. Smith*, 3d Dist. Seneca No. 13-15-17, 2015-Ohio-4225, ¶ 10, quoting *State v. Noble*, 3d Dist. Logan No. 8-14-06, 2014-Ohio-5485, ¶ 9. Thus, in this case, involuntary manslaughter, as a first-degree felony, carries an indefinite sanction of 3-years to 11-years of imprisonment, and felonious assault, as a second-degree felony, carries an indefinite sanction of 2-years to 8-years of imprisonment. R.C. 2903.04(A), (C), 2903.11(A)(1), (D)(1)(a), 2929.14(A)(1)(a), (A)(1)(b). *See also* R.C. 2929.144(B). At first glance, because the trial court sentenced Cerrato to a minimum term of 10 years in prison to a maximum term of 15 years in prison on Count One and minimum term of 5 years in prison to a maximum term of 7 1/2 years in prison on Count Two, the trial court's sentence falls within the statutory range and is appropriately calculated.

{¶14} However, notwithstanding that calculation, the trial court ordered Cerrato to serve the prison terms consecutively for an aggregate sentence of a minimum term of 15 years in prison to a maximum term of 22 1/2 years in prison. In its consecutive-sentence calculation, even though the trial court appropriately calculated Cerrato's aggregate minimum prison term, the trial court *miscalculated* Cerrato's aggregate maximum prison term. *Accord State v. Hinze*, 2d Dist. Montgomery No. 29290, 2022-Ohio-2602, ¶ 16; *State v. Norris*, 2d Dist. Greene No. 2023-CA-8, 2023-Ohio-4057, ¶ 8.

**{¶15}** Importantly,

> when imposing consecutive sentences on Reagan Tokes qualifying offenses * * * "the court shall add all of the minimum terms imposed on the offender * * * and the maximum term shall be equal to the total of those terms so added by the court plus fifty percent of the longest minimum term * * * for the most serious felony being sentenced."

*State v. Stutz*, 2d Dist. Montgomery No. 29521, 2023-Ohio-1082, ¶ 30, quoting R.C. 2929.144(B)(2). "In other words, when running qualifying offenses consecutively, the court must [begin by] add[ing] the minimum terms of the Reagan Tokes qualifying offenses." *Id.* Here, the trial court appropriately computed Cerrato's aggregate minimum term by adding the minimum term of 10 years to the minimum term of 5 years to reach a total aggregate minimum term of 15 years. Then, to appropriately tally the aggregate maximum term, the trial court is required to "add 50 [percent] of the minimum for the most serious [offense] being sentenced" to its aggregate minimum term computation. *Id.* In this case, 50 percent of 10 years is 5 years. Consequently, the aggregate maximum term of imprisonment that the trial court could impose under the statute is 20 years—that is, 10 years + 5 years + 5 years = 20 years. *Accord id.* Thus, the trial court's imposition of a maximum term of 22 1/2 years in prison is not authorized by law and is contrary to law. *Accord id.* *See also Hinze* at ¶ 16. Therefore, because Cerrato's sentence is not authorized by law and is contrary to law, we remand the case for the limited purpose of resentencing.

**{¶16}** Cerrato's first assignment of error is sustained.

**Second Assignment of Error**

**Appellant Was Denied The Effective Assistance of Counsel**

{¶17} In her second assignment of error, Cerrato argues that her trial counsel was ineffective. In particular, she argues that her trial counsel was ineffective for conceding "with the prosecutor that the offenses did not merge for sentencing" and for failing "to object to the court's sentences." (Appellant's Brief at 11).

*Standard of Review*

{¶18} A defendant asserting a claim of ineffective assistance of counsel must establish: (1) the counsel's performance was deficient or unreasonable under the circumstances; and (2) the deficient performance prejudiced the defendant. *State v. Kole*, 92 Ohio St.3d 303, 306 (2001), citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984). In order to show counsel's conduct was deficient or unreasonable, the defendant must overcome the presumption that counsel provided competent representation and must show that counsel's actions were not trial strategies prompted by reasonable professional judgment. *Strickland* at 687. Counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. *State v. Sallie*, 81 Ohio St.3d 673, 675 (1998). Tactical or strategic trial decisions, even if unsuccessful, do not generally constitute ineffective assistance. *State v. Carter*, 72 Ohio St.3d 545, 558 (1995). Rather, the errors complained of must amount to a substantial violation of counsel's essential duties to his client. *See State v. Bradley*, 42 Ohio St. 3d 136, 141-142

(1989), quoting *State v. Lytle*, 48 Ohio St.2d 391, 396 (1976), *vacated in part on other grounds*, 438 U.S. 910, 98 S.Ct. 3135 (1978).

**{¶19}** "Prejudice results when 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *State v. Liles*, 3d Dist. Allen No. 1-13-04, 2014-Ohio-259, ¶ 48, quoting *Bradley* at 142, citing *Strickland* at 691. "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Id.*, quoting *Bradley* at 142 and citing *Strickland* at 694.

*Analysis*

**{¶20}** First, Cerrato argues that her trial counsel was ineffective for conceding that that her involuntary-manslaughter and felonious-assault convictions are not allied offenses of similar import.

**{¶21}** R.C. 2941.25, Ohio's multiple-count statute, states:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

**{¶22}** The Supreme Court of Ohio directs us to apply a three-part test to determine whether a defendant can be convicted of multiple offenses:

> As a practical matter, when determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must ask three questions when defendant's conduct supports multiple offenses: (1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation? An affirmative answer to any of the above will permit separate convictions. The conduct, the animus, and the import must all be considered.

*State v. Earley*, 145 Ohio St.3d 281, 2015-Ohio-4615, ¶ 12, quoting *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, ¶ 12 and *Ruff* at paragraphs one, two, and three of the syllabus.

**{¶23}** "As explained in *Ruff*, offenses are of dissimilar import 'when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable.'" *State v. Bailey*, 1st Dist. Hamilton No. C-140129, 2015-Ohio-2997, ¶ 77, quoting *Ruff* at paragraph two of the syllabus. "At its heart, the allied-offense analysis is dependent upon the facts of a case because R.C. 2941.25 focuses on the defendant's conduct. The evidence at trial * * * will reveal whether the offenses have similar import." *Ruff* at ¶ 26. "[A] defendant's conduct that constitutes two or more offenses against a single victim can support multiple convictions if the harm that results from each offense is separate and identifiable from the harm of the other offense." *Id.*

**{¶24}** "The term 'animus' means "'purpose or, more properly, immediate motive.'"" *State v. Ramey*, 2d Dist. Clark No. 2014-CA-127, 2015-Ohio-5389, ¶ 70, quoting *State v. Grissom*, 2d Dist. Montgomery No. 25750, 2014-Ohio-857, ¶ 40, quoting *State v. Logan*, 60 Ohio St.2d 126, 131 (1979). "'Where an individual's

-10-

immediate motive involves the commission of one offense, but in the course of committing that crime he must * * * commit another, then he may well possess but a single animus, and in that event may be convicted of only one crime.'" *Id.*, quoting *Logan* at 131.

**{¶25}** "'Like all mental states, animus is often difficult to prove directly, but must be inferred from the surrounding circumstances.'" *Id.* at ¶ 71, quoting *Logan* at 131. "'Thus the manner in which a defendant engages in a course of conduct may indicate distinct purposes.'" *Id.*, quoting *State v. Whipple*, 1st Dist. Hamilton No. C-110184, 2012-Ohio-2938, ¶ 38. "'Courts should consider what facts appear in the record that "distinguish the circumstances or draw a line of distinction that enables a trier of fact to reasonably conclude separate and distinct crimes were committed."'" *Id.*, quoting *Whipple* at ¶ 38, quoting *State v. Glenn*, 8th Dist. Cuyahoga No. 94425, 2012-Ohio-1530, ¶ 9.

**{¶26}** Generally, whether offenses are allied offenses of similar import is a question of law that this court reviews de novo. *State v. Stall*, 3d Dist. Crawford No. 3-10-12, 2011-Ohio-5733, ¶ 15. "De novo review is independent, without deference to the lower court's decision." *State v. Hudson*, 3d Dist. Marion No. 9-12-38, 2013-Ohio-647, ¶ 27.

**{¶27}** However, a defendant's failure to preserve the issue of merger at the time of sentencing, forfeits all but plain error on review. *State v. Bailey*, 171 Ohio St.3d 486, 2022-Ohio-4407, ¶ 7. "Under Crim.R. 52, '[p]lain errors or defects

affecting substantial rights may be noticed although they were not brought to the attention of the court.'" *State v. Shockey*, 9th Dist. Summit No. 29170, 2019-Ohio-2417, ¶ 7, quoting Crim.R. 52(B). "Plain error exists only where there is a deviation from a legal rule, that is obvious, and that affected the appellant's substantial rights to the extent that it affected the outcome of the trial." *Id. See also Bailey* at ¶ 9 ("The elements of the plain-error doctrine are conjunctive: all three must apply to justify an appellate court's intervention."). "We recognize plain error '"with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice."'" *State v. Howard*, 3d Dist. Marion No. 9-10-50, 2011-Ohio-3524, ¶ 83, quoting *State v. Landrum*, 53 Ohio St.3d 107, 110 (1990), quoting *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus.

{¶28} Here, Cerrato's trial counsel was not ineffective for stipulating that her involuntary-manslaughter and felonious-assault convictions are not allied offenses of similar import because the offenses were committed separately. *Accord State v. Carner*, 8th Dist. Cuyahoga No. 109914, 2021-Ohio-2312, ¶ 32 ("Because the conduct shows that the offenses were committed separately, defense counsel was not ineffective for failing to request merger."). Stated another way, the record reveals that the State did not rely on the same conduct to support both offenses. *See State v. Wilson*, 4th Dist. Scioto No. 13CA3542, 2015-Ohio-2016, ¶ 74 (concluding that offenses "are not allied offenses of similar import when the state did not rely upon the same conduct to prove both offenses").

**{¶29}** Specifically, the State alleged that the conduct constituting the felonious-assault offense stemmed from acts of physical "abuse being committed by [Cerrato] prior to" the victim's death and that the conduct constituting the involuntary manslaughter stemmed from "malnutrition ending this victims [sic] life * * * ." (July 26, 2023 Tr. at 4). That is, the State alleged that the conduct constituting the felonious-assault offense occurred from "April 2021 until the last day of the victims [sic] life" and that the coroner's report reflects injuries including "blisters on or about the victim's body"; "wounds on or about her body consistent with a rod that was located in the back of [Cerrato's] vehicle"; that "the nasal bone of the victim was fractured, there were bite marks, some with scabbing on or about the victim's body, there were * * * lacerations on the ear"; and "lots of deep tissue scarring on or about the victim's body * * * ." (*Id.* at 3-4). Consequently, the State presented evidence reflecting that the felonious-assault and involuntary-manslaughter offenses were committed separately. Thus, Cerrato cannot demonstrate that her trial counsel was ineffective for stipulating that her felonious-assault and involuntary-manslaughter convictions are not allied offenses of similar import.

**{¶30}** Secondly, Cerrato contends that her trial counsel was ineffective for failing to object to the "lengthier sentence than that provided for by law." (Appellant's Brief at 11). However, based on our resolution of Cerrato's first assignment of error, Cerrato's argument is moot and we decline to address it. *See*

*State v. Panning*, 3d Dist. Van Wert No. 15-13-07, 2014-Ohio-1880, ¶ 18 (concluding that Panning's argument that "he received ineffective assistance of counsel when his attorney failed to object to both the sentence and sex offender classification" was rendered moot based on this court's decision reversing the trial court's imposition of consecutive sentences). *See also* App.R. 12(A)(1)(c).

**{¶31}** Accordingly, to the extent that we addressed it, Cerrato's second assignment of error is overruled.

**{¶32}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued in assignment of error two, in part, we affirm the judgment of the trial court imposing a sentence for each count. However, having found error prejudicial to the appellant herein in the particulars assigned and argued in assignment of error one, we reverse the judgment of the trial court regarding the calculation of the sentence and remand for further proceedings consistent with this opinion.

*Judgment Affirmed in Part,*
*Reversed in Part,*
*and Cause Remanded*

**WILLAMOWSKI, P.J. and MILLER, J., concur.**

**/hls**